## LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. ALMOND.

LUMPKIN, J. 1. An action was brought by a person alleged to have been injured at a public crossing in a town by the running of a railroad train. Negligence was alleged, in failing to comply with what is known as "the blow-post law," in failing to give the signal of the approach of the train to the crossing, in failing to check and keep checking the train as it approached such crossing, as required by law, and in running the train at a negligently high rate of speed. The suit was brought against the railroad company and the engineer. On the trial the presiding judge charged the law substantially as laid down in the Civil Code (1910); §§ 2675, 2677, 2780. In so doing he only referred to a presumption arising against the company. Held, that as an abstract proposition this charge was in accordance with law; and it is doubtful whether the assignments of error upon it were sufficient to raise the question whether at any point in the charge the court differentiated the engineer as an individual from the company, relatively to the presumption mentioned.

(a) If the assignment of error be deemed sufficient to raise such a point, the evidence of the engineer himself was sufficient to show that he did not check and keep checking the train as he approached the public crossing, so as to be able to stop it if any person or thing was upon it; and the jury found against both the engineer and the railroad company.

2. The other charge of the court on which error was assigned was not such as to require a reversal, in view of the evidence and of the entire charge; and the evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 13, 1914.

Action for damages. Before Judge Patterson. Cherokee superior court. December 6, 1913.

*D. W. Blair, E. W. Coleman, Tye, Peeples & Jordan,* and *C. N. Griffin,* for plaintiff in error.